### James N. Croft *vs.* Elijah Wilbar.

If a married woman has used her husband's money without his consent to pay for land which is conveyed to her, to her sole and separate use, he cannot maintain an action of contract against the grantor to recover back the money without offering a reconveyance of the land, or at least of his own inchoate interest therein as tenant by the curtesy.

CONTRACT for $25, money had and received.

At the trial in the superior court, before *Ames,* J., it appeared that in May 1863 the defendant conveyed to the plaintiff's wife a lot of land, to her sole and separate use, receiving from her as a part of the consideration twenty-five dollars in money, which the plaintiff shortly before had sent to her, he being absent on public military service at the time. There was no evidence that either the plaintiff or his wife had offered to reconvey the land to the defendant.

The judge ruled that upon this evidence the action could not be maintained, and a verdict was accordingly returned for the defendant. The plaintiff alleged exceptions.

*J. Brown & C. A. Reed,* for the plaintiff.

*C. I. Reed,* for the defendant, was not called upon.

BIGELOW, C. J. It is clear that the plaintiff cannot maintain this action on the facts proved at the trial. Assuming that the money paid to the defendant by the plaintiff's wife was the property of the plaintiff, there is an elementary principle of law which, applied to the facts in proof, is decisive against the right of the plaintiff to recover it back. This in effect is an action in which the plaintiff seeks to disaffirm the contract of his wife

in making a purchase of land from the defendant. The sole ground on which his right to recover is put is, that the payment of money in consideration of the conveyance to the wife was unauthorized, and that he has a right to regard the whole transaction as invalid, and to rescind and set it aside. By so doing, he claims the right to recover the whole consideration money paid by the wife. But it is a well settled rule of law, founded on the principles of justice and sound policy, that a contract cannot be rescinded or set aside, so as to enable a party to recover back the entire consideration paid by him, when it has become impossible to place both of the parties in the identical situation which they occupied, or they cannot stand on the same terms as those which existed when the contract was made. *Hunt* v. *Silk*, 5 East, 449. *Beed* v. *Blanford*, 2 Y. & Jerv. 278. *Coolidge* v. *Brigham*, 1 Met. 547. If, for example, an agent without authority from his principal makes a purchase of land and takes a deed to the principal, for which he pays a certain sum of money, no action will lie in the name of the principal to recover back the consideration money, unless the principal first reconveys or offers to convey back the title to the grantor. Such a case does not differ essentially from the one at bar. The deed from the defendant to the plaintiff's wife was a valid conveyance, and vested in her a good title in the demanded premises. This title she still retains, nor is it shown that any offer to reconvey it to the defendant has ever been made. The attempt of the plaintiff is to recover back the consideration money without restoring the land. Nor is it any answer to this objection to the maintenance of the action, that the legal title to the estate conveyed by the defendant was vested in the wife, and that the plaintiff could not by any act of his own reconvey the premises so as to revest them fully in the defendant. Putting aside all other considerations, it was in his power to release and convey all rights and interest therein which he had acquired by virtue of the grant to his wife. Under Gen. Sts. *c.* 108, §§ 1, 2, 10, a husband has an inchoate right as tenant by the curtesy in lands conveyed to the wife during coverture to her sole and separate use, which on the birth of children becomes enlarged,

so that then he is tenant by curtesy initiate. *Beal* v. *Warren,* 2 Gray, 447. *Comer* v. *Chamberlin,* 6 Allen, 166. This right or interest the plaintiff still retains, while at the same time he seeks to recover back the whole sum paid by his wife for the purchase of the land. It is obvious, therefore, that the action cannot be maintained without a plain violation of legal principles.

*Judgment on the verdict.*